# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
### CASE NO. 24-cv-61124

GIANNI VERSACE, S.R.L.,

        *Plaintiff,*

vs.

THE INDIVIDUALS, BUSINESS ENTITIES,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

        *Defendants.*

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Gianni Versace, S.r.l., ("Plaintiff"), hereby sues Defendants, the Individuals, Business Entities, and Unincorporated Associations identified on Schedule "A" (collectively "Defendants"). Defendants are promoting, advertising, distributing, selling, and/or offering for sale goods bearing and/or using counterfeits and confusingly similar imitations of Versace's trademarks within this district through various Internet based e-commerce stores operating under the seller names set forth on Schedule "A" (the "E-commerce Store Names"). In support of its claims, Versace alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action for damages and injunctive relief for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116 and 1125(a), The All Writs Act, 28 U.S.C. § 1651(a), and Florida's common law. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Versace's state law

claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2.      Defendants are subject to personal jurisdiction in this district because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district through, at least, the Internet based e-commerce stores[1] accessible and doing business in Florida and operating under their E-commerce Store Names. Alternatively, based on their overall contacts with the United States, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, non-residents in the United States and engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling, and/or shipping infringing products into this district.

## THE PLAINTIFF

4.      Capri Holdings Limited ("Capri") is a publicly held company incorporated in the British Virgin Islands with its principal place of business located at 33 Kingsway, London, WC2B 6TP, UK. Capri Holdings Limited is the parent company of Plaintiff Gianni Versace S.r.l.

---

[1] Certain Defendants use their respective E-commerce Store Name in tandem with electronic communication via private messaging applications and/or services in order to complete its offer and sale of counterfeit versions of Versace's branded products. Specifically, consumers are able to browse listings of Versace's branded products online via the respective Defendant's E-commerce Store Name, ultimately directing customers to send inquiries, exchange data, and complete purchases via electronic communication with the Defendant.

5. Gianni Versace S.r.l. is an Italian Corporation with its principal place of business located at Via Manzoni Nr. 38, 20121, Milan, Italy.

6. Goods bearing the Versace's registered trademarks set forth below are offered for sale and sold by Versace and/or its licensees through various channels of trade within the State of Florida, including this district, and throughout the United States. Defendants, through the sale and offer to sell counterfeit and infringing versions of Versace's branded products, are directly and unfairly competing with Versace's economic interests in the United States, including the State of Florida, and causing Versace irreparable harm and damage within this jurisdiction.

7. Like many other famous trademark owners, Versace suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Versace's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits across their e-commerce stores. The natural and intended byproduct of Defendants' combined actions is the erosion and destruction of the goodwill associated with Versace's name and associated trademarks and the destruction of the legitimate market sector in which they operate.

8. To combat the indivisible harm caused by the concurrent actions of Defendants and others engaging in similar conduct, each year Versace expends significant monetary resources in connection with trademark enforcement efforts, including legal fees and investigative fees. The exponential growth of counterfeiting over the Internet, including through online marketplace and social media platforms, has created an environment that requires companies, such as Versace, to expend significant resources across a wide spectrum of efforts in order to protect both consumers and themselves from confusion and the erosion of the goodwill embodied in Versace's brand.

## THE DEFENDANTS

9.     Defendants are individuals, business entities of unknown makeup, or unincorporated associations each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions, redistribute products from the same or similar sources in those locations, and/or ship their goods from the same or similar sources in those locations to consumers as well as shipping and fulfillment centers, warehouses, and/or storage facilities within the United States to redistribute their products from those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities toward consumers throughout the United States, including within this district, through the simultaneous operation of, at least, their commercial Internet based e-commerce stores under the E-commerce Store Names.

10.    Certain Defendants operate under their respective E-commerce Store Name in tandem with electronic communications via private messaging applications and/or services, thereby creating an interconnected ecosystem which functions as an online marketplace operation.

11.    Defendants use aliases in conjunction with the operation of their businesses, including but not limited to those identified by Defendant Number on Schedule "A."

12.    Defendants are the past and/or present controlling forces behind the sale of products bearing and/or using counterfeits and infringements of Versace's trademarks as described herein.

13.    Defendants directly engage in unfair competition with Versace by advertising, offering for sale, and selling goods each bearing and/or using counterfeits and infringements of one or more of Versace's trademarks to consumers within the United States and this district through Internet based e-commerce stores using, at least, the E-commerce Store Names, as well as additional e-commerce store or seller identification aliases not yet known to Versace. Defendants

have purposefully directed some portion of their unlawful activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing branded versions of Versace's goods into the State.

14.     Defendants have registered, established, or purchased, and maintained their E-commerce Store Names. Defendants may have engaged in fraudulent conduct with respect to the registration or maintenance of the E-commerce Store Names by providing false and/or misleading information during the registration or maintenance process related to their respective E-commerce Store Names. Many Defendants have anonymously registered and/or maintained some of their E-commerce Store Names for the sole purpose of engaging in unlawful infringing and counterfeiting activities.

15.     Defendants will likely continue to register or acquire new e-commerce store names, or other aliases, as well as related payment accounts, for the purpose of selling and offering for sale goods bearing and/or using counterfeit and confusingly similar imitations of one or more of Versace's trademarks unless preliminarily and permanently enjoined.

16.     Defendants' E-commerce Store Names, associated payment accounts, and any other alias e-commerce store names, store identification numbers, and seller identification names used in connection with the sale of counterfeit and infringing goods bearing and/or using one or more of Versace's trademarks, are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringement schemes and cause harm to Versace. Moreover, Defendants are using Versace's famous name and/or trademarks to drive Internet consumer traffic to at least one of their e-commerce stores operating under the E-commerce Store Names, thereby increasing the value of the E-commerce Store Names and

decreasing the size and value of Versace's legitimate marketplace and intellectual property rights at Versace's expense.

## COMMON FACTUAL ALLEGATIONS

### Versace's Trademark Rights

17.     Versace is the owner of all rights in and to the trademarks identified on Schedule "B" hereto, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively the "Versace Marks"). The Versace Marks are used in connection with the manufacture and distribution of high-quality goods in the categories identified in Schedule "B." True and correct copies of the Certificates of Registration for the Versace Marks are attached hereto as Composite Exhibit "1."

18.     The Versace Marks have been used in interstate commerce to identify and distinguish high-quality goods for an extended period and serve as symbols of Versace's quality, reputation, and goodwill.

19.     The Versace Marks are well-known and famous and have been for many years. Versace expends substantial resources developing, advertising and otherwise promoting the Versace Marks. The Versace Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

20.     Versace extensively uses, advertises, and promotes the Versace Marks in the United States in connection with the sale of high-quality goods. As a result, the Versace Marks are among the most widely recognized trademarks in the United States, and the trademarks have achieved secondary meaning among consumers as identifiers of high-quality goods.

21.     Versace has carefully monitored and policed the use of the Versace Marks and has never assigned or licensed the Versace Marks to any Defendant in this matter.

22.     Genuine goods bearing and/or using the Versace Marks are widely legitimately advertised and promoted by Versace, its authorized distributors, and unrelated third parties via the Internet. Visibility on the Internet, particularly via Internet search engines and social media platforms, is important to Versace's overall marketing and consumer education efforts. Thus, Versace and its authorized distributors expend significant monetary and other resources on Internet marketing and consumer education regarding its products, including search engine optimization ("SEO"), search engine marketing ("SEM"), and social media strategies. Those strategies allow Versace, its related companies, and authorized distributors to educate consumers fairly and legitimately about the value associated with the Versace Marks and the goods sold thereunder.

**Defendants' Infringing Activities**

23.     Defendants are each promoting, advertising, distributing, selling, and/or offering for sale goods in interstate commerce bearing and/or using counterfeit and confusingly similar imitations of one or more of the Versace Marks (the "Counterfeit Goods") through at least the e-commerce stores operating under the E-commerce Store Names.  Specifically, Defendants are each using the Versace Marks to initially attract online consumers and drive them to Defendants' e-commerce stores operating under their E-commerce Store Names.  Defendants are each using identical copies of one or more of the Versace Marks for different quality goods. Versace has used its Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Versace's merchandise.

24.     Defendants' Counterfeit Goods are of a quality substantially different than that of Versace's genuine goods. Defendants are actively using, promoting and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high-quality goods

offered for sale by Versace despite Defendants' knowledge that they are without authority to use Versace Marks. The net effect of Defendants' actions is likely to cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting, who will believe all of Defendants' goods offered for sale in or through Defendants' e-commerce stores are genuine goods originating from, associated with, and/or approved by Versace.

25.     Defendants advertise their e-commerce stores, including their Counterfeit Goods offered for sale, to the consuming public via e-commerce stores on, at least, the E-commerce Store Names. In so doing, Defendants improperly and unlawfully use one or more of Versace Marks without Versace's permission.

26.     Defendants are concurrently employing and benefiting from substantially similar advertising and marketing strategies based, in large measure, upon an unauthorized use of counterfeits and infringements of Versace Marks. Specifically, Defendants are using counterfeits and infringements of one or more of Versace's famous name and Versace Marks to make their e-commerce stores selling unauthorized goods appear more relevant and attractive to consumers searching for both Versace and non-Versace's goods and information online. By their actions, Defendants are contributing to the creation and maintenance of an unlawful marketplace operating in parallel to the legitimate marketplace for Versace's genuine goods. Defendants are causing individual, concurrent, and indivisible harm to Versace and the consuming public by (i) depriving Versace and other third parties of their right to fairly compete for space online and within search engine results and reducing the visibility of Versace's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with Versace Marks by viewing inferior products in either the pre or post sale setting, and/or (iii) increasing Versace's overall cost to market their goods and educate consumers about their brands via the Internet.

27.     Defendants are concurrently conducting and targeting their counterfeiting and infringing activities toward consumers and likely causing unified harm within this district and elsewhere throughout the United States.  As a result, Defendants are defrauding Versace and the consuming public for Defendants' own benefit.

28.     At all times relevant hereto, Defendants in this action had full knowledge of Versace's ownership of Versace Marks, including their respective, exclusive rights to use and license such intellectual property and the goodwill associated therewith.

29.     Defendants' use of Versace Marks, including the promotion and advertisement, reproduction, distribution, sale, and offering for sale of their Counterfeit Goods, is without Versace's consent or authorization.

30.     Defendants are engaging in the above-described unlawful counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Versace's rights for the purpose of trading on Versace's goodwill and reputation.  If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Versace and the consuming public will continue to be harmed.

31.     Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during, and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Versace's genuine goods and Defendants' Counterfeit Goods, which there is not.

32.     Given the visibility of Defendants' various e-commerce stores and the similarity of their concurrent actions, it is clear Defendants are either affiliated, or at a minimum, cannot help

but know of each other's existence and the unified harm likely to be caused to Versace and the overall consumer market in which they operate because of Defendants' concurrent actions.

33.     Although some Defendants may be physically acting independently, they may properly be deemed to be acting in concert because the combined force of their actions serves to multiply the harm caused to Versace.

34.     Defendants' payment and financial accounts, including but not limited to those specifically set forth on Schedule "A," are being used by Defendants to accept, receive, and deposit profits from Defendants' trademark counterfeiting and infringing and unfairly competitive activities connected to their E-commerce Store Names and any other alias e-commerce store names being used and/or controlled by them.

35.     Further, Defendants, upon information and belief, are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Versace.

36.     Versace has no adequate remedy at law.

37.     Versace is suffering irreparable injury and has suffered substantial damages because of Defendants' unauthorized and wrongful use of the Versace Marks. If Defendants' intentional counterfeiting and infringing, and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Versace and the consuming public will continue to be harmed while Defendants wrongfully earn a substantial profit.

38.     The harm and damages sustained by Versace have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

39.     Versace hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 38 above.

40.     This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of Versace Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale, and sale of the Counterfeit Goods.

41.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using counterfeits and/or infringements of one or more of Versace Marks. Defendants are continuously infringing and inducing others to infringe Versace Marks by using one or more of them to advertise, promote, offer to sell, and/or sell counterfeit and infringing goods bearing and/or using Versace Marks.

42.     Defendants' concurrent counterfeiting and infringing activities are likely to cause and are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

43.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages and irreparable harm to Versace and are unjustly enriching Defendants with profits at Versace's expense.

44.     Defendants' above-described unlawful actions constitute counterfeiting and infringement of Versace Marks in violation of Versace's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

45.     Versace has suffered and will continue to suffer irreparable injury and damages while Defendants are earning a substantial profit due to Defendants' above-described activities if Defendants are not preliminarily and permanently enjoined.

**COUNT II - FALSE DESIGNATION OF ORIGIN**
**PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))**

46.     Versace hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 38 above.

47.     Defendants' Counterfeit Goods bearing, using, offered for sale, and sold using copies of one or more of Versace Marks have been widely advertised and offered for sale throughout the United States via the Internet under the E-commerce Store Names.

48.     Defendants' Counterfeit Goods bearing, offered for sale, and sold using copies of at least one or more of Versace Marks are virtually identical in appearance to Versace's genuine goods. However, Defendants' Counterfeit Goods are different in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among consumers as to at least the origin or sponsorship of their Counterfeit Goods.

49.     Defendants have used in connection with their advertisement, offers for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and designs, which falsely describe or represent such goods and have caused such goods to enter commerce in the United States with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Versace's detriment.

50.     Defendants have each authorized infringing uses of one or more of Versace Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded goods.

Some Defendants have also misrepresented to members of the consuming public that the Counterfeit Goods they advertise and sell are genuine, non-infringing goods.

51.     Additionally, Defendants are simultaneously using counterfeits and infringements of one or more of Versace Marks to unfairly compete with Versace and others for space within organic and paid search engine and social media results. Defendants are thereby jointly (i) depriving Versace of valuable marketing and educational space online which would otherwise be available to Versace and (ii) reducing the visibility of Versace's genuine goods on the World Wide Web and across social media platforms.

52.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

53.     Versace has no adequate remedy at law and has sustained both individual and indivisible injury and damages caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Versace will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages, while Defendants are earning a substantial profit.

## COUNT III - COMMON LAW UNFAIR COMPETITION

54.     Versace hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 38 above.

55.     This is an action against Defendants based on their promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing and/or using marks that are virtually identical to one or more of Versace Marks in violation of Florida's common law of unfair competition.

56.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using counterfeits and infringements of one or more of Versace Marks. Defendants are also each using counterfeits and infringements of one or more of Versace Marks to unfairly compete with Versace and others for (i) space in search engine and social media results across an array of search terms and (ii) visibility on the World Wide Web.

57.     Defendants' infringing activities are likely to cause and are causing confusion, mistake, and deception among consumers as to the origin and quality of Defendants' e-commerce stores as a whole and all products sold therein by their use of Versace Marks.

58.     Versace has no adequate remedy at law and is suffering irreparable injury and damages because of Defendants' actions, while Defendants are unjustly profiting from those actions.

## COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

59.     Versace hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 38 above.

60.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing and/or using one or more of Versace Marks.

61.     Versace is the owner of all common law rights in and to Versace Marks.

62.     Specifically, each Defendant is promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing and/or using infringements of one or more of Versace Marks.

63.     Defendants' infringing activities are likely to cause and are causing confusion, mistake, and deception among consumers as to the origin and quality of Defendants' Counterfeit Goods bearing and/or using Versace Marks.

64.     Versace has no adequate remedy at law and is suffering damages and irreparable injury because of Defendants' actions, while Defendants are unjustly profiting from those actions.

## PRAYER FOR RELIEF

65.     WHEREFORE, Versace demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

a.     Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting Versace Marks; from using Versace Marks, or any mark or design similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or design that may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Versace; from falsely representing themselves as being connected with Versace, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Versace; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of Versace Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing,

applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Versace, or in any way endorsed by Versace and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Versace's name or trademarks; and from otherwise unfairly competing with Versace.

b.     Entry of a temporary restraining order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of an injunction issued by the Court from participating in, including providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of non-genuine goods bearing and/or using counterfeits and/or infringements of Versace Marks.

c.     Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Versace's request, those acting in concert or participation as service providers to Defendants, who have notice of the injunction, cease hosting, facilitating access to, or providing any supporting service to any and all e-commerce stores, including but not limited to the E-commerce Store Names through which Defendants engage in the promotion, offering for sale and/or sale of goods using counterfeits and/or infringements of Versace Marks.

d.     Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority authorizing Versace to serve the injunction on the e-commerce store's registrar(s) and/or the privacy protection service(s) for the E-commerce Store Names to disclose to Versace the true identities and contact information for the registrants of the E-commerce Store Names.

e.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that, upon Versace's request, any Internet marketplace website operators, administrators, registrar and/or top level domain (TLD) Registry for the E-commerce Store Names who are provided with notice of an injunction issued by the Court identify any e-mail address known to be associated with Defendants' respective E-commerce Store Name.

f.      Entry of an Order pursuant to 28 U.S.C. §1651(a), The All Writs Act, and the Court's inherent authority, authorizing Versace to serve the injunction on any e-mail service provider with a request that the service provider permanently suspend the e-mail addresses that are or have been used by Defendants in connection with Defendants' promotion, offering for sale, and/or sale of goods using and/or bearing counterfeits and/or infringements of Versace Marks.

g.      Entry of an Order pursuant to 15 U.S.C. § 1116, 28 U.S.C. §1651(a), The All Writs Act, and the Court's inherent authority, that upon Versace's request, Defendants and the top level domain (TLD) Registry for the E-commerce Store Names, and any other e-commerce stores used by Defendants, or their administrators, including backend registry operators or administrators, place the E-commerce Store Names on Registry Hold status for the remainder of the registration period for any such name, thus removing them from the TLD zone files which link the E-commerce Store Names, and any other e-commerce store names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of Versace Marks, to the IP addresses where the associated e-commerce stores are hosted.

h.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and the Court's inherent authority, canceling for the life of the current registration or, at Versace's election, transferring the E-commerce Store Names and any other e-commerce store names used

by Defendants to engage in their counterfeiting of Versace Marks at issue to Versace's control so they may no longer be used for unlawful purposes.

i.     Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and the Court's inherent authority authorizing Versace to request any Internet search engines or service provider referring or linking users to any URL of the E-commerce Store Names, which are provided with notice of the order, to permanently disable, de-index or delist all URLs of the E-commerce Store Names and/or permanently disable the references or links to all URLs of the E-commerce Store Names used by Defendants to promote, offer for sale and/or sell goods bearing counterfeits and/or infringements of the Versace Marks, based upon Defendants' unlawful activities being conducted via the E-commerce Store Names as a whole and via any specific URLs identified by Versace.

j.     Entry of an Order pursuant to 15 U.S.C. § 1116 and the Court's inherent authority, requiring Defendants, their agent(s) or assign(s), to assign all rights, title, and interest, to their E-commerce Store Name(s) and any other e-commerce store names used by Defendants to Versace and, if within five (5) days of entry of such order Defendants fail to make such an assignment, the Court order the act to be done by another person appointed by the Court at Defendants' expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

k.     Entry of an Order pursuant to 15 U.S.C. § 1116 and the Court's inherent authority, requiring Defendants, their agent(s) or assign(s), to instruct in writing, all search engines to permanently delist or deindex the E-commerce Store Name(s) and any other e-commerce store names used by Defendants and, if within five (5) days of entry of such order Defendants fail to make such a written instruction, the Court order the act to be done by another person appointed by

the Court at Defendants' expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

l.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that, upon Versace's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by the Court permanently remove from the multiple platforms, which include, *inter alia*, a Direct platform, Group platform, Seller Product Management platform, Vendor Product Management platform, and Brand Registry platform, any and all listings and associated images of goods bearing and/or using counterfeits and/or infringements of Versace Marks via the e-commerce stores operating under the E-commerce Store Names, and upon Versace's request, any other listings and images of goods bearing and/or using counterfeits and/or infringements of Versace Marks associated with or linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing and/or using counterfeits and/or infringements of Versace Marks.

m.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, Federal Rule of Civil Procedure 65, and this Court's inherent authority that upon Versace's request, Defendants and any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court immediately cease fulfillment of and sequester all goods of each Defendant bearing one or more of Versace Marks in its inventory, possession, custody, or control, and surrender those goods to Versace.

n.      Entry of an order requiring, upon Versace's request, Defendants to request in writing permanent termination of any messaging services, e-commerce store names, usernames,

and social media accounts they own, operate, or control on any messaging service, e-commerce marketplace, and social media website.

        o.     Entry of an Order requiring Defendants to account to and pay Versace for all profits and damages resulting earned resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to Versace be trebled, as provided for under 15 U.S.C. § 1117, or that Versace be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product type offered for sale or sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

        p.     Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Versace's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

        q.     Entry of an Order pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, Federal Rule of Civil Procedure 65, and the Court's inherent authority that, upon Versace's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, e-commerce shipping partner, fulfillment center, warehouse, storage facility, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the E-commerce Store Names or other alias seller identification names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), and remain restrained until such funds are surrendered to Versace in partial satisfaction of the monetary judgment entered herein.

        r.     Entry of an award of pre-judgment interest on the judgment amount.

    s.  Entry of an Order requiring Defendants, at Versace's request, to pay the cost necessary to correct any erroneous impression the consuming public may have received or derived concerning the nature, characteristics, or qualities of Defendants' products, including without limitation, the placement of corrective advertising and providing written notice to the public.

    t.  Entry of an Order for any further relief as the Court may deem just and proper.

DATED: June 27, 2024.    Respectfully submitted,

           STEPHEN M. GAFFIGAN, P.A.

           By: **<u>Stephen M. Gaffigan</u>**
           Stephen M. Gaffigan (Fla. Bar No. 025844)
           Virgilio Gigante (Fla. Bar No. 082635)
           T. Raquel Wiborg-Rodriguez (Fla. Bar No. 103372)
           Christine Ann Daley (Fla. Bar No. 98482)
           401 East Las Olas Blvd., #130-453
           Ft. Lauderdale, Florida 33301
           Telephone: (954) 767-4819
           E-mail: Stephen@smgpa.cloud
           E-mail: Leo@smgpa.cloud
           E-mail: Raquel@smgpa.cloud
           E-mail: Christine@smgpa.cloud

           Attorneys for Plaintiff, Gianni Versace, S.r.l.

## SCHEDULE "A"

**[This page is the subject of Plaintiff's Motion to File Under Seal.  As such, this page has been redacted in accordance with L.R. 5.4(b)(1)]**

### SCHEDULE "B"
### <u>VERSACE'S FEDERALLY REGISTERED TRADEMARKS</u>

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| VERSACE | 2,121,984 | December 16, 1997 | IC 018: leather or imitations of leather, namely, animal skins and hides, handbags, wallets, luggage, attache cases, tote bags, briefcases, all-purpose sport bags, travelling trunks and carry-on bags, shoulder bags, garment bags for travelling, keycases, umbrellas.<br><br>IC 025: clothing for men, women and children, namely belts, coats, raincoats, waistcoats, blouses and pullovers, jackets, trousers, skirts, dresses, suits, shirts and chemises, T-shirts, sweaters, underwear, socks and stockings, gloves, ties, scarves, hats and caps, boots, shoes and slippers. |
| VERSACE | 2,440,541 | April 3, 2001 | IC 008: TABLEWARE; FORKS, KNIVES AND SPOONS; STERLING SILVER TABLE FORKS, KNIVES AND SPOONS; PARTS AND FITTINGS FOR ALL THE AFORESAID GOODS.<br>IC 019: NON-METAL FLOOR TILES STATUETTES OF STONE, CONCRETE OR MARBLE<br>IC 020: CHAIRS, CUPBOARDS; CUSHIONS; DESKS; DIVANS; FIGURES OF BONE, PLASTER, PLASTIC DOOR HANDLES FOR FURNITURE; NON-METAL KEY CHAINS; OFFICE FURNITURE; PILLOWS; PARTS AND FITTINGS FOR ALL THE AFORESAID GOODS.<br>IC 021: HOUSEHOLD OR KITCHEN UTENSILS AND CONTAINERS; DINNERWARE; BEVERAGE WARE GLASSWARE SUGAR BOWLS;  BOTTLE OPENERS; BOWLS; CANDLE HOLDERS NOT OF PRECIOUS METAL; CHINA ORNAMENTS; SOAP DISPENSERS; FIGURINES IN CHINA, CRYSTAL,  PORCELAIN  HOLDERS FOR FLOWERS AND PLANTS; FLOWER BASKETS; PLATES; POTS, SOAP BOXES; SOAP HOLDERS; VASES; PARTS AND FITTINGS FOR THE AFORESAID GOODS<br>IC 024: BATH LINEN, BATH MATS, BED LINEN; BLANKETS; UNFITTED FABRIC FURNITURE COVERS |

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| VERSACE JEANS COUTURE | 2,426,052 | February 6, 2001 | IC 018: Athletic bags, attache cases, bags for all purposes, namely,; for all sport purpose, beach bags, book bags, carry-on bags, gym bags, handbags, leather shopping bags, overnight bags, textile shopping bags, tote bags, shoulder bags, travel bags, suitcases, briefcases-type portfolios, briefcases, business card cases, calling card cases, credit card cases, purses, cosmetic cases, document cases, garment bags for travel, key cases, parasols, saddlery, shoes bags for travel, umbrellas, wallets<br><br>IC 025: After ski boots, ascots, athletic footwear, athletic shoes, athletic uniforms, head bands, neck bands, sweat bands, wrist bands, bathing suits, bathrobes, beachwear, bed jackets, belts, berets, bermuda shorts, bikinis, blouses, blousons, body suits, bootsboxer shorts, brassieres, underwear briefs, bustiers, camisoles, clothing caps, cardigans, chemises, coats, fur coats, fur jackets, fur stoles, leather coats, over coats, rain coats, suit coats, corsets, culottes, dresses, evening gowns, night gowns, ear muffs, espadrilles, footwear, gloves, hats, head wear, infantwear, jeans, jogging suits, kilts, lingerie, clothing mantles, moccasins, neckerchiefs, night shirts, pajamas, pants, pantyhose, pareu, parkas, poloshirts, pullovers, sandals, shoes, shorts, ski wear, slippers, slips, socks, stocking |

| | | | |
|---|---|---|---|
|  | 2,980,455 | August 2, 2005 | IC 009: Optical instruments, apparatus and equipments, namely eyeglasses; reading glasses, and optical glasses; sunglasses; spectacles; spectacles frames; monocles; lorgnettes.<br>IC 014: Articles made of precious metals and alloys of precious metals with or without precious stones, namely rings, necklaces, bracelets, brooches, earrings, tie clips, cuff-links, diamonds, jewelry cases made of precious metal, watches, clocks, chronometers, watch cases, costume jewelry.<br>IC 018: Leather and imitation of leather sold in bulk, handbags, wallets, luggage, attache cases, tote bags, briefcases, sport bags, traveling trunks, carry-on bags, shoulder bags, garment bags for traveling, key cases, umbrellas, parasols, walking sticks, whips, harnesses, saddlery; leather key chains.<br>IC 020: Furniture; mirrors, namely looking glasses; picture frames; chairs; cupboards; cushions; desks; divans; plastic and wood doorknobs; figures of bone, ivory, plaster, plastic, wax and wood; plastic and wood furniture handles for doors, plastic key chains; magazine racks; office furniture; pillows; fitted furniture covers.<br>IC 021: Household or kitchen utensils and containers, namely, dinnerware; beverage-ware; glassware; sugar bowls; beer mugs; bottle openers; bowls; candle holders not of precious metal; china ornaments; cookware, namely non-electric frying pans; corkscrews; soap dispensers; figurines in China, crystal, earthenware, glass, porcelain and terracotta; holders for flowers and plants; perfume atomizers sold empty; plates; pots; soapboxes; soap holders; vases; flower baskets; porcelain and earthenware doorknobs and furniture handles for doors. FIRST USE: 19980100. FIRST USE IN COMMERCE: 19980100<br>IC 024: Fabric for textile use, fabric of imitation animal skins, fabric for boots and shoes, bath linen; bed linen; blankets; curtains; unfitted furniture covers; handkerchiefs; kitchen towels; textile wall hangings.<br>IC 025: Clothing for men, women and children, namely belts, coats, raincoats, waistcoats, blouses and pullovers, jackets, trousers, skirts, dresses, suits, shirts and chemises, T-shirts, sweaters, underwear, socks and stockings,gloves, ties, scarves, hats and caps, boots, shoes and slippers.<br>IC 027: Carpets, rugs, mats and matting, linoleum |

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| | | | and other materials for covering existing floors; non-textile wall hangings; non-textile wall decorations. |
| 𖥧𖥧𖥧𖥧𖥧𖥧𖥧𖥧𖥧𖥧 | 3,194,501 | January 2, 2007 | IC 009:  glasses, sunglasses, spectacles, spectacle frames,  and cases<br>IC 014: Articles made of precious metals and alloys of precious metals, with or without precious stones, namely, rings, necklaces, bracelets, earrings, tie clips, cuff-links, watches, costume jewellery<br>IC 018: Leather and imitation leather goods, namely, handbags, wallets, luggage, attaché cases, tote bags, briefcases, sport bags, traveling trunks, carry-on bags, shoulder bags, garment bags for traveling<br>IC 024: Fabric for textile use, fabric for boots and shoes, bath linen, bed linen; bed blankets;  unfitted fabric furniture covers<br>IC 025: Clothing for men, women and children, namely belts, coats, raincoats, waistcoats, blouses and pullovers, jackets, trousers, skirts, dresses, suits, shirts and chemises, t-shirts, sweaters, underwear, socks and stockings, gloves, ties, scarves, hats and caps, boots, shoes and slippers |
| (circular logo) | 3,199,127 | January 16, 2007 | IC 009: Optical instruments, apparatus and equipment, namely, glasses, sunglasses, spectacles, spectacle frames, accessories in the nature of eyeglass chains, and parts, fittings, components and cases for all the aforesaid goods<br>IC 014: Articles made of precious metals and alloys of precious metals, with or without precious stones, namely, rings, necklaces, bracelets, brooches, earrings, tie clips, cuff-links, watches, watch cases, costume jewellery, parts and fittings for all the aforesaid goods<br>IC 018: Leather and imitation leather goods, namely, handbags, wallets, luggage, tote bags, briefcases, sport bags, carry-on bags, shoulder bags, garment bags for traveling, key cases<br>IC 024: Fabric for textile use, fabric of imitation animal skins, fabric for boots and shoes, bath linen, bed linen; bed blankets; and kitchen towels |

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
|  | 3,453,992 | June 24, 2008 | IC 018: Leather and imitation leather goods, namely, handbags, wallets, luggage, tote bags, key cases<br>IC 020: Furniture; mirrors, namely, looking glasses; cushions; desks; divans; office furniture; pillows; parts and fittings for the aforesaid furniture goods, namely, fitted furniture covers not of paper<br>IC 024: bath linen; bed linen; bed blankets<br>IC 025: Clothing for men, women and children, namely, belts, coats, waistcoats, blouses and pullovers, jackets, trousers, skirts, dresses, shirts and chemises, T-shirts, underwear, socks and stockings, gloves, ties, scarves, hats and caps, shoes and slippers<br>IC 026: clothing buttons |
| VERSACE | 4,398,385 | September 10, 2013 | IC 014: Articles made of precious metals and alloys of precious metals with or without precious stones, namely, rings, necklaces, bracelets, earrings, cufflinks, watches<br><br>IC 027: bath mats |
|  | 5,540,330 | August 14, 2018 | IC 026: Buttons for clothing; Hooks and eyes; Safety pins; Sewing pins; Press buttons |
|  | 5,937,934 | June 7, 2019 | IC 009: Protective cases for cell phones; Protective cases for laptop computers; Protective cases for portable media players. |

| | | | |
|---|---|---|---|
|  | 6,082,409 | April 7, 2020 | IC 009: Spectacles; sunglasses, optical glasses; goggles for sports; optical frames; monocles; theatre glasses; optical goods, namely, glasses and lenses; containers for contact lenses; eye glasses cases; pince-nez cords; magnifying glasses; correcting lenses being contact lenses; optical lenses; lenses for eyeglasses; frames for eye glasses; electronic schedulers being personal digital assistant computers; computers, handheld computers; mouse being computer peripherals; mouse mats; computer keyboards; portable telephones; downloadable ring tones for mobile phones; cell phone straps<br><br>IC 014: Jewellery, precious stones; horological and chronometric instruments; rings being jewelry; cuff links; bracelets; watch bands; watch cases being parts of watches; clock cases being parts of clocks; watch chains; jewelry chains; pendants; necklaces; chronographs as watches; timepieces; stopwatches; chronoscopes; diamonds; tie pins; figurines of precious metal; gold thread jewelry; wire of precious metal for use in the making of jewelry, namely, jewelry cable; silver thread jewelry; jewellery; cloisonné jewellery; badges of precious metal; clock hands; alloys of precious metal; ingots of precious metals; movements for clocks and watches; medals; lockets; earrings; jewellery of yellow amber; ornaments of precious metal in the nature of jewelry; ornaments of jet; shoe ornaments of precious metal being shoe jewelry; hat ornaments of precious metal being hat jewelry; pendulum clocks; atomic clocks; wristwatches; pocket watches; master clocks; electric clocks and watches; jewellery stones; key rings; clock dials; boxes of precious metal; cases for clock- and watchmaking being parts for watches and clocks; jewellery cases; cases adapted for holding watches; pins being jewelry; ornamental lapel pins; brooches being jewelry; statuettes of precious metal; paste jewellery; time instruments being chronometric instruments; alarm clocks; watch crystals<br><br>IC 018: Leather and imitations of leather; animal skins, animal hides; women's handbags; pocket wallets; luggage; garment carriers being garment bags for travel; rucksacks; document cases; sports bags; trunks being luggage; travelling trunks; carry-on bags; sling bags; garment bags for travel; valises; suitcases; attaché cases; purses; travelling |

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| | | | handbags; notecases, namely, business card cases; key cases, umbrellas; parasols; beach parasols; walking sticks; alpenstocks; whips; harness for horses; saddlery<br><br>IC 025: Clothing, namely, shirts, pants, jeans, sweaters, skirts, dresses; footwear; headwear; clothing of imitations of leather, namely, pants, jackets; clothing of leather, namely, pants, jackets; motorists' clothing, namely, motorists' jackets, driving gloves; cyclists' clothing, namely, biking shorts, athletic shirts, cycling gloves; clothing for gymnastics, namely, leotards, leggings; gowns; bath robes; bandanas; berets; underclothing; smocks; boas; teddies being undergarments; garters; sports shoes; stockings; slippers; socks; jodhpurs; short-sleeve shirts; shirts; jackets; top hats; coats; hoods; belts for clothing; money belts; tights; collars; detachable collars; suits; beachwear; ties as clothing; ascots; headbands for clothing; pocket squares; dress pocket squares; skirts; jumper dresses; girdles; gloves; arm length gloves; rain coats; ready-to-wear clothing, namely, shirts, pants, dresses; knitwear, namely, knit shirts, knit skirts, knit dresses, knit sweaters, knit jackets; jerseys being clothing; leg warmers; leggings; liveries; sports jerseys; hosiery; swimsuits; pullovers; muffs; maniples; pelerines; mantillas; sleep masks; miniskirts; cowls being clothing; boxer shorts; bathing drawers as clothing; vests, trousers; parkas; pelisses; furs being clothing; shirt yokes; pyjamas; wristbands as clothing; ponchos; sock suspenders; brassieres; sandals; bath sandals; shoes; bath slippers; gymnastic shoes; beach shoes; shawls; sashes for wear; underpants; wimples; topcoats; outerclothing, namely, jackets, coats, vests; petticoats; slips being undergarments; shirt fronts; ankle boots; boots; fur stoles; t-shirts; combinations being clothing; uniforms; veils; visors being headwear; wooden shoes |
| VERSACE | 6,088,586 | April 14, 2020 | IC 009: Protective cases for cell phones; Protective cases for laptop computers; Protective cases for portable media players. |